IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ROBERT D. CUNNINGHAM** | : | CASE NO. |
| 1412 Pepper Lane | | |
| Marysville, OH 43040 | : | JUDGE |
| Plaintiff | : | |
| Vs. | : | **JURY DEMAND ENDORSED HEREON** |
| **FACEBOOK, INC.** | : | |
| c/o Pricket Group, LLC, its Statutory Agent | | |
| 7102 Curtis Avenue | | |
| Florence, KY 41042 | : | |
| Also serve | | |
| **FACEBOOK, INC.** | : | |
| c/o Miranda Kalinowski, Agent | | |
| VP Global Recruiting | : | |
| 1 Hacker Way | | |
| Menlo Park, CA 94025 | : | |
| Defendant | : | |

**COMPLAINT**

Now comes Plaintiff Robert D. Cunningham ("Plaintiff"), by and through undersigned counsel, and for his Complaint against Defendant Facebook, Inc. ("Defendant") states and avers as follows:

**THE PARTIES**

1. Plaintiff is an individual residing in Franklin County, Ohio. At all times alleged herein, Plaintiff was an employee of Defendant as the same has been defined by Title VII of the 1964 Civil Rights Act as amended, 42 USCS § 2000e(f).

2. Defendant is a Delaware corporation and at all times herein was/is Plaintiff's employer.

**JURISDICTION AND VENUE**

3. Jurisdiction of this Court is invoked pursuant to 38 USCS § 4301 and 28 USC § 1331. Supplemental Jurisdiction is invoked pursuant to 28 USC § 1367.

4. The unlawful discrimination and employment practices alleged below were committed within the State of Ohio, in the Southern District, Eastern Division of this Federal Court.

5. At all relevant times hereto, Plaintiff worked for Defendant in Franklin County, Ohio, which is the county in which the Defendant conducted the activity that gave rise to Plaintiff's claim for relief, and the county in which all or part of Plaintiff's claim arose.

6. At all times pertinent hereto, Defendant was an "Employer" within the meaning of Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 USCS § 4303(4)(A).

**FACTUAL ALLEGATIONS**

7. Plaintiff incorporates his allegations set forth in paragraphs 1 through 6 above as if fully rewritten herein.

8. Plaintiff has been employed by Defendant since February 26, 2018 as a Facilities Technical Manager.

9. Plaintiff's supervisor was Joshua Petrascak ("Petrascak"), Data Center Campus Facilities Manager.

10. Plaintiff had no prior discipline, had received no performance improvement plans, and had received his bonuses and raises on an annual basis.

11. Plaintiff's job duties included analyzing user data to make hiring and recruiting decisions.

12. In October 2020, Plaintiff received new hiring restrictions from Petrascak.

13. Petrascak instructed the Recruiting and Hiring managers not to hire "white Navy nukes." "White Navy nukes" were Caucasian men or women who had served in the Navy.

14. Plaintiff immediately approached Petrascak about his "white Navy nukes" comment and new hiring restrictions. Petrascak ordered Plaintiff to abide by his new hiring restrictions.

15. Plaintiff then escalated the issue and reported Petrascak's comments and hiring restrictions to Randi Johnson the Central Region Facilities Operations Manager.  Plaintiff failed to receive an immediate response and emailed Human Resources in January to follow up.

16. Just a few days after his follow up, Defendant terminated Plaintiff on January 26, 2021.

17. Defendant's stated reason for terminating Plaintiff was Plaintiff allegedly violated Defendant's User Data Policy several months prior.  Plaintiff had not violated Defendant's data user policy because he, his comparators and his supervisor were using the data similarly and acting in a similar capacity.

18. Defendant's stated reason for termination is false or not believable.

**COUNT ONE – RETALIATION FOR REPORT OF VIOLATION OF UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT (38 US CODE §4301, *et seq.*)**

19. Plaintiff incorporates his allegations set forth in paragraphs 1 through 17 above as if fully rewritten herein.

20. Plaintiff engaged in an activity protected by 38 USC § 4311.

21. Defendant was aware Plaintiff reported Petrascak's comments and hiring policy about not hiring "white Navy nukes."

22. Defendant terminated Plaintiff as a result of Plaintiff's exercise of the protected activity.

23. There is a causal connection between the Plaintiff's termination and the exercise of the protected activity.

24. As a result of Defendant's retaliation, Plaintiff is entitled to all damages as provided by 38 USC § 4301 and common law including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income (including back pay and front pay), and other benefits to which he was entitled, an amount to be determined at trial.

**COUNT TWO – VIOLATION OF OHIO PUBLIC POLICY**

25. Plaintiff incorporates his allegations set forth in paragraphs 1 through 23 above as if fully rewritten herein.

26. There is a clear public policy in Ohio and throughout the nation which prohibits discrimination against persons because of their service in the uniformed services: 38 USCS § 4301 (Uniformed Services Employment and Reemployment Rights Act of 1994), and Ohio R.C. § 5903.

27. Defendant had no policies in place to prevent this type of discrimination against persons based on their service in the uniformed services which is prohibited by Ohio statute nor to protect an employee who reports such discrimination from retaliatory and discriminatory termination which is prohibited by Federal statute.

28. The Ohio and Federal public policies and statutes set forth above would be jeopardized if Plaintiff and others could be fired as a result of reporting discrimination against uniformed service members.

29. If private employers are allowed to terminate individual for reporting the illegal discrimination without putting any policies in place to prevent such discrimination, the Ohio and Federal statutes which prohibit this behavior would be illusory.

30. Defendant terminated Plaintiff because Plaintiff reported Petrascak's discriminatory comments and unlawful hiring policies regarding persons based on their service in the uniformed services. Plaintiff's termination is directly related to the public policies codified in 38 USC § 4301 and Ohio R.C. § 5903.

31. Defendant lacked an overriding business specification or justification for terminating Plaintiff.

32. As a direct and proximate result of Defendant's intentional, willful, wanton and malicious abuse of public policy, Plaintiff is entitled to all damages including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income (including back pay and front pay), and other benefits to which he was entitled, an amount to be determined at trial.

**WHEREFORE**, Plaintiff Robert D. Cunningham prays that this Court award a judgment against Defendant Facebook, Inc. on all counts, for compensatory and punitive damages including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income and other benefits to which Plaintiff is entitled in an amount to be determined at trial and an award of Plaintiff's costs and reasonable

attorney fees incurred relating to this action; ALL TOGETHER WITH such other relief as may be just, necessary and proper.

        Respectfully submitted,

        **KEMP, SCHAEFFER, & ROWE CO., L.P.A.**

By:  /s/ Erica Ann Probst
        Erica Ann Probst  #0073486
        Attorneys for Plaintiff
        88 West Mound Street
        Columbus, Ohio  43215
        (614) 224-2678
        (614) 469-7170 (fax)
        Email: Erica@ksrlegal.com

## **JURY DEMAND**

Now comes Plaintiff, by and through counsel, and hereby demands that a jury hear the above case.

        Respectfully submitted,

        **KEMP, SCHAEFFER, & ROWE CO., L.P.A.**

By:  /s/ Erica Ann Probst
        Erica Ann Probst  #0073486
        Attorneys for Plaintiff
        88 West Mound Street
        Columbus, Ohio  43215
        (614) 224-2678
        (614) 469-7170 (fax)
        Email: Erica@ksrlegal.com